2000 D.S.D. 38

NADER 2000 PRIMARY COMMITTEE, INC., Ralph Nader, Winona Laduke, Catherine Enyeart, and Mark Dunlea, Plaintiffs,

v.

Joyce HAZELTINE, in her official capacity as Secretary of State for the State of South Dakota, Defendant.

Hagelin 2000, John Hagelin, Mary J. Hutchison, James D. Hutchison, Robert J. McRae and Charlotte Watson, Applicants for Intervention

No. CIV. 00–3032.

United States District Court,
D. South Dakota,
Central Division.

Aug. 28, 2000.

Elizabeth Daniel, Brennan Center for Justice, New York University School of Law, New York City, Patrick K. Duffy, Rapid City, SD, for Plaintiffs.

Sherri Sundem Wald, Attorney General's Office, Pierre, SD, for Defendants.

Kent Hyde, Hyde & Allred, Aberdeen, SD, for Intervenor.

ORDER DENYING MOTION
TO INTERVENE

KORNMANN, District Judge.

[¶ 1.] Pending before the Court is a motion for another independent political candidate and voters to intervene in the above matter as plaintiffs. Hagelin 2000, John Hagelin, Mary J. Hutchison, James D. Hutchison, Robert J. McRae and Charlotte Watson move, pursuant to Fed.R.Civ.P. 24(a) and (b), for leave to intervene as plaintiffs in this action, both as a matter of right and, in the alternative, through permissive intervention, in order to assert the claims set forth in their proposed complaint.

■ Fed.R.Civ.P. 24(a) reads in pertinent part that:

[u]pon timely application anyone shall be permitted to intervene in an action: ... (2)when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless

the applicant's interest is adequately represented by existing parties.

Plaintiff applicants do not meet the necessary requirements of Fed.R.Civ.P. 24(a) since Ralph Nader's claim adequately represents the interests of the applicants as to the claimed unconstitutionality of SDCL 12–7–1, as amended. If Nader prevails and SDCL 12–7–1, as amended, is found to be unconstitutional, Nader's name will be placed on the November 7, 2000, ballot if Nader follows all other requirements as set forth in the South Dakota Codified Laws. Plaintiff applicants will not be precluded from putting Hagelin's name on the ballot if he is not a party to this lawsuit. The disposition of this action will not as a practical matter impede plaintiff applicants' ability to protect their interests. Therefore, there is no right of intervention pursuant to Fed.R.Civ.P. 24(a).

[¶ 2.] Alternatively, plaintiff applicants seek permission to intervene in this matter pursuant to Fed.R.Civ.P. 24(b)(2) which permits the Court to allow intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Plaintiff applicants' first contention is that, pursuant to SDCL 12–7–1, as amended, effective July 1, 1999, an independent candidate for President is required to file a declaration of candidacy and a certification of the candidate's selection for vice president with the Secretary of State prior to circulation of the candidate's nominating petitions. Plaintiff applicants obtained the required number of signatures, namely 2,602, by June 16, 2000, four days prior to the deadline set forth in SDCL 12–7–1. However, Hagelin did not timely file the required certification of his selection for vice president with the Secretary of State and those signatures received before the filing of the certification of his selection were invalidated by the Secretary of State. As a result, Hagelin no longer had the required number of signatures necessary to be placed on the general election ballot. The primary issue for the plaintiff applicants is whether the Secretary of State was correct to invalidate those signatures. This does not raise the same question of law or fact with regard to the matter asserted by Nader. It would inject issues foreign to Nader and would unduly delay and prejudice the adjudication of the claimed rights of plaintiffs. Time is short and the deadline for the preparation of ballots is fast approaching. If plaintiff applicants felt aggrieved, they should have acted long ago to bring their own lawsuit.

[¶ 3.] Plaintiff applicants' second contention is that SDCL 12–7–1 is unconstitutional in placing an undue burden on the minor political parties. The second contention does present a common issue of law and fact but would be reached as to Hagelin only if the Court were to first determine that the signatures obtained before the June 20, 2000, deadline were valid. Now, therefore,

[¶ 4.] IT IS ORDERED that the motion to intervene (Doc. 9) is denied.